UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL ARCHULETA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>OAKLAND SUPERIOR COURT,<br><br>　　　　Respondent. | Case No. 18-cv-06432-HSG (PR)<br><br>**ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION; GRANTING IN FORMA PAUPERIS; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. Nos. 2, 6 |

Petitioner seeks federal habeas relief from his 1987 state conviction for first degree burglary. Petitioner asserts that he is no longer in custody (neither incarcerated nor on parole or probation) serving the term imposed for his 1987 conviction. *See* Dkt. No. 1 at 1. Currently, petitioner is housed at Kern Valley State Prison, though the Court does not know what state court judgment forms the basis for the sentence he is serving now.

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.* A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this Court's subject matter jurisdiction and his petition is therefore properly denied. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

The custody requirement does not mandate that a prisoner be physically confined. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). A petitioner who is on parole at the time of filing is considered to be in custody, as is a petitioner on probation. *See Jones v. Cunningham*, 371 U.S.

236, 241-43 (1963); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990); *Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005). Custody is found where the sentence imposed significantly restrains petitioner's liberty, *see, e.g., Dow v. Circuit Court*, 995 F.2d 922, 923 (9th Cir. 1993) (sentence of mandatory attendance to fourteen-hour alcohol abuse rehabilitation program sufficient to place petitioner in custody), but not where only a fine is imposed, *see Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987) (sentence which only imposes fine not enough to satisfy custody requirement even if petitioner faces imprisonment for failure to pay).

It appears petitioner is not in custody under the state court judgment for the 1987 conviction. If this is true, this Court lacks jurisdiction over his habeas petition. Accordingly, petitioner is ordered to show cause within **thirty (30)** days of the date of this order why the petition should not be dismissed for lack of jurisdiction. **If petitioner fails to respond to this order to show cause, the action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.**

Petitioner's application to proceed in forma pauperis (Dkt. No. 6) is GRANTED.

Petitioner's motion for appointment of counsel is DENIED without prejudice. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) (Sixth Amendment's right to counsel does not apply in habeas actions). Should the circumstances of the case materially change, the Court may reconsider petitioner's request *sua sponte*.

The Clerk shall terminate Dkt. Nos. 2 and 6.

**IT IS SO ORDERED.**

Dated: 11/29/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge