UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL ARCHULETA,<br>    Petitioner,<br>v.<br>OAKLAND SUPERIOR COURT,<br>    Respondent. | Case No. 18-cv-06432-HSG (PR)<br><br>**ORDER OF DISMISSAL** |

On October 22, 2018, petitioner filed a petition for writ of habeas corpus seeking relief from his 1987 state conviction for first degree burglary. Petitioner asserted that he is no longer in custody (neither incarcerated nor on parole or probation) serving the term imposed for his 1987 conviction. *See* Dkt. No. 1 at 1.

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.* A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this Court's subject matter jurisdiction and his petition is therefore properly denied. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

By order entered November 29, 2018, the Court ordered petitioner to show cause why his habeas petition should not be dismissed for lack of jurisdiction. Dkt. No. 10. Petitioner has filed a response. Dkt. No. 11. Petitioner does not assert, nor provide any evidence, that he satisfies the custody requirement. Rather, his response addresses the merits of his habeas claims and fails to address the issues of custody and jurisdiction. Therefore, he has failed to show cause why the petition should not be dismissed.

Accordingly, this action is DISMISSED for want of jurisdiction. The order to show cause is DISCHARGED. The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

Dated:  2/4/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge